## Rittenberry, *et al. v.* Wharton.

### *Bill to Set Aside Final Settlement and for an Accounting.*

(Decided May 22, 1913. 62 South. 672.)

1. *Appeal and Error; Form of Decision; Law of the Case.*—A determination on the former appeal that a bill contained equity, is the law of the case and will be followed unless determined to be erroneous.

2. *Courts; Province; Discussion of Facts.*—A discussion by an appellate court of the facts of a case will not be indulged in unless it tends to illuminate some legal principle involved.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

[Rittenberry, et al. v. Wharton.]

Bill by Mrs. Maybelle Wharton against Mrs. Kate Rittenberry, and the sureties on her bond as guardian, to set aside a final settlement of guardianship, and to require an accounting, as to certain matters. From a decree for complainant respondent appeals. Affirmed.

See *Rittenberry, et al. v. Wharton,* 176 Ala. 390; 58 South. 293.

PHARES COLEMAN, and A. C. & H. R. HOWZE, for appellant. The decree attacked and sought to be set aside is a decree of the probate court in the exercise of its jurisdiction, and is conclusive of all matters which were involved in the issues, upon which the adjudication was had.—*Waring v. Lewis,* 53 Ala. 615; *Portis v. Dargan,* 53 Ala. 178; *Waldron v. Waldron,* 76 Ala. 185; *Baron v. Robinson,* 98 Ala. 351. Bearing these principles in mind it is clear that the evidence and the allegation failed to bring the present case within the jurisdiction of the chancery court.—*Foshee v. McCrary,* 123 Ala. 493; *Warren v. Lewis, supra; Seals v. Weldon,* 121 Ala. 319; *Watts v. Frazer,* 80 Ala. 186; Freeman on Judgment, section 489; *Frierson v. Travis,* 39 Ala. 150; *Levystein v. O'Brien,* 106 Ala. 352; *Roebling v. Stevens,* 93 Ala. 39; *Adler v. Van Kirk L. Co.,* 114 Ala. 551, and authorities cited.

GEORGE HUDDLESON, for appellee. Under section 4436, Code 1907, the ward was of an age to require service of a citation upon her before the final settlement could be made. The probate court is not the guardian of minors, and has no jurisdiction except that conferred by statute.—*Lewis v. Allred,* 57 Ala. 628; *Moore v. Winston,* 66 Ala. 296; *Herren v. Rickets,* 101 Ala. 340; *Gassenheimer v. Gassenheimer,* 108 Ala. 651. The guardian cannot make final settlement while the relationship remains.—*Lee v. Lee,* 67 Ala. 406; *Glass v. Glass,* 76 Ala.

371; *Lewis v. Allred, supra.* In an attack by a bill in chancery on a judgment previously rendered, it may always be shown that no jurisdiction of the person was obtained even though the sheriff's return shows regular service.—*Crafts v. Dexter,* 8 Ala. 767; *Martin v. Barnett,* 20 Ala. 369; *Stubbs v. Leavitt,* 30 Ala. 352; *Robinson v. Reed,* 50 Ala. 69. As to the general law on this subject here involved see *Willis v. Rice,* 141 Ala. 168; s. c. 157 Ala. 252; *Couch v. Couch,* 148 Ala. 342; *Humphries v. Burleson,* 72 Ala. 1; *Ferguson v. Lowery,* 54 Ala. 510.

DE GRAFFENRIED, J.—This bill was filed by Mrs. Maybelle Wharton against Mrs. Kate Rittenberry and the surety on her bond as the guardian of the complainant, to vacate and annul a decree of the probate court finally settling the said guardianship, and to require a full and complete settlement of said guardianship in the chancery court. The complainant alleges in her bill that the said decree of the probate court was procured through the fraud of the respondent guardian without the fault or neglect of complainant, and that the fraudulent decree so obtained ascertained that her said guardian only owed her on final settlement the sum of $3,-683.21, when in fact the amount actually due her by the said guardian was a much larger sum.

This case was once heretofore before this court, and every equitable principle involved in it was then fully discussed. This court then determined that the bill of complaint contained equity, and in an elaborate opinion the reasons of the court for so holding were given. We can see no reason for further discussing the questions which were then by this court fully and carefully considered.—*Rittenberry, et al. v. Wharton,* 176 Ala. 390, 58 South. 293.

As this court, on the former appeal, determined that the bill of complaint contained equity, the only question presented on the present appeal is whether the evidence sustains the allegations of the bill. In our opinion the complainant has, by her evidence, fully met all of the essential allegations of her bill of complaint.

The complainant is a sister of Mrs. Kate Rittenberry, one of the respondents. Mrs. Kate Rittenberry is much older than the complainant and for many years before the marriage of the complainant Mrs. Rittenberry was not only the guardian of the estate of complainant, but she stood in loco parentis to her. The mother and the father of the two sisters were dead and the older sister occupied the position of mother to the younger sister.

A discussion by an appellate court of the facts of a case should not be indulged in unless such discussion tends to illuminate some legal principle involved in the case. Especially is this true when such a discussion involves the intimate relations which should at all times exist between members of the same family.

We have already stated that the reasons of this court for holding that the complainant, if the allegations of her bill of complaint by the proper measure of proof were shown to be true, was entitled to the relief, were fully given in *Rittenberry v. Wharton, supra.*

A discussion of the facts in this case would have no tendency to throw any light upon the propositions which were announced by this court in the above case, and such a discussion is therefore unnecessary.

As the bill of complaint contains equity and as the proof sustains the bill, the complainant is entitled to the relief prayed for in the bill. The chancellor so decreed, and in our opinion the decree should be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.